IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RECO[1] REED, # B-18431,        )
                                )
            Plaintiff,          )
                                )
    vs.                         )   Case No. 18-cv-1182-JPG
                                )
DENNIS LARSON,                  )
                                )
            Defendant.          )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant has been deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

---

[1] Plaintiff's first name is spelled "Rico" on a number of his attached prison records. (Doc. 1, pp. 11, 15-16, 21-26). The Court shall use Plaintiff's preferred spelling of "Reco."

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

In his brief statement of claim, Plaintiff alleges that in August 2017, he advised prison official(s) that he had a hernia, and the hernia was measured. (Doc. 1, p. 5). He wrote to sick call stating the hernia was throbbing and had "slipped down." *Id.* He was told to push the hernia back up.

On December 16, 2017, Plaintiff sneezed and the hernia went down to his testicles. *Id.* Nurse English (who is not named as a Defendant) looked at it and called the doctor, who said Plaintiff should lie on his back and push the hernia back in. (Doc. 1, p. 5).

2

In a December 25, 2017, grievance, Plaintiff stated that Nurse English told him the hernia would need surgery. (Doc. 1, p. 13). Plaintiff's December 31, 2017, grievance stated that he followed the directions to push the hernia back in while lying on his back, but it slipped right back down. (Doc. 1, p. 9). At that time (December 31, 2017), Plaintiff had still not been scheduled to see a doctor, and he was in serious pain. *Id.*

On January 3, 3018, Plaintiff saw a doctor, who measured the hernia again. (Doc. 1, p. 5). Plaintiff was scheduled for another doctor visit in 90 days, but he was not given any medication to ease the pain. *Id.* He states that he had been complaining about the hernia pain since August 2017, but nothing had been done about it. (Doc. 1, pp. 5, 13).

Plaintiff has been told by prison health official(s) that he will not be allowed to have surgery because of the cost, and he would have to get surgery after he is released. (Doc. 1, pp. 5, 14). Plaintiff is not due to get out of prison until 2026. *Id.*

It appears that Plaintiff is seeking an order requiring prison officials to refer him to have hernia surgery, as well as damages. (Doc. 1, p. 6).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Larson, for failing to provide Plaintiff with any pain relief treatment for his hernia condition;

**Count 2:** Eighth Amendment deliberate indifference claim against Dr. Larson, for denying Plaintiff surgery to correct his hernia condition.

Both counts shall proceed for further consideration.

### Count 1 – Deliberate Indifference to Serious Medical Needs - Pain

In the statement of claim and the attached grievances, Plaintiff never mentions the name of the doctor whom he saw on January 3, 2018. Nor does he identify the doctor who, on December 15, 2017, directed Nurse English to have Plaintiff push the hernia back into place. However, the sole Defendant named in the action is Dr. Dennis Larson. (Doc. 1, p. 1). Giving liberal construction to Plaintiff's Complaint, as the Court must do at this stage, *see Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), it can be presumed that Defendant Larson was the doctor who saw Plaintiff in January 2018 and directed his treatment in December 2017.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care

possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In Plaintiff's case, he claims that he had been complaining about the hernia and accompanying pain since August 2017. He also states that the hernia had protruded into his groin, and would not stay in place after being pushed back in. At this stage, Plaintiff's condition satisfies the objective component of an Eighth Amendment claim.

It is not clear at what point Dr. Larson became aware of Plaintiff's pain caused by the hernia. Assuming that Plaintiff advised Larson of the pain at his appointment of January 3, 2018, Larson's failure to give Plaintiff any pain relief treatment at that time could be considered deliberate indifference. Plaintiff may also be able to support a deliberate indifference claim for an earlier time period if he can show that Dr. Larson knew about his need for pain relief, yet took no steps to treat Plaintiff's pain. At this time, Plaintiff may proceed with the claim against Dr. Larson in **Count 1**, for deliberate indifference to Plaintiff's hernia pain.

## Count 2 – Deliberate Indifference to Serious Medical Needs - Surgery

Nurse English allegedly told Plaintiff that he would need surgery to correct the hernia. Plaintiff does not indicate whether Dr. Larson ever offered an opinion on whether or not surgery was necessary. Notably, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or

techniques).

Again, the Complaint does not identify the individual(s) who allegedly told Plaintiff that he could not be referred for hernia surgery while he was in prison, because it would cost too much. The Complaint does indicate that delaying surgery until Plaintiff is released from prison would mean a wait of approximately 8 years before Plaintiff could get that treatment. As noted above, a delay in treatment that prolongs a prisoner's pain may amount to deliberate indifference. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

If surgery is indeed necessary in order to treat Plaintiff's hernia, and if Dr. Larson refused to authorize surgery because of the cost, such facts could support a deliberate indifference claim. Liberally construing Plaintiff's Complaint again, at this early stage, the Court will allow him to proceed with **Count 2** against Larson for denial of hernia surgery.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) is referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT.** No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on all defendants who remain in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

## Disposition

The Clerk of Court shall prepare for Defendant **LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2018**

s/J. Phil Gilbert<br>
United States District Judge