UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

RECO REED, #B18431,

                Plaintiff,

v.

DENNIS LARSON,

                Defendant.

No. 3:18-cv-01182-JPG-DGW

Judge J. Phil Gilbert

**JURY TRIAL DEMANDED**

## <u>FINAL PRETRIAL ORDER</u>

**GILBERT, District Judge:**

### I.    COUNSEL OF RECORD

**Attorney(s) for Plaintiff(s):**

Thomas J. Pliura, M.D., J.D., P.C.
Physician & Attorney at Law
210 E. Center St.
P.O. Box 130
Le Roy, IL 61752
Ph. (309) 962-2299

**Attorney(s) for Defendant(s):**

Jaclyn Kinkade
Joseph N. Rupcich
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com
jrupcich@cassiday.com

### II.    NATURE OF THE CASE

       This lawsuit is brought by Plaintiff Reco Reed, an inmate within the Illinois Department of Corrections.  Mr. Reed alleges Defendant Wexford Health Sources, a healthcare provider to

inmates in the Illinois Department of Corrections, violated his rights under the Eighth Amendment to the United States Constitution.  Specifically, Plaintiff alleges Defendant maintained a policy or widespread practice of refusing to authorize surgical repair of abdominal hernias unless the hernia was strangulated or incarcerated.  Plaintiff claims this policy or widespread practice caused him to be delayed surgical repair of his hernia.

Defendant denies Plaintiff's allegations.  Defendant maintains it had appropriate policies for hernia management that allowed for treating medical providers to exercise their judgment regarding referral for consideration of hernia repair based on a patient's presentation.  Defendant further denies Plaintiff was unconstitutionally delayed surgical repair of his hernia.

### III.    SUBJECT MATTER JURISDICTION

This is an action for damages.

The basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1983.

The existence of subject matter jurisdiction is not contested.

### IV.    UNCONTROVERTED FACTS

The following facts are not disputed:

1. Mr. Reed is a prisoner in the Illinois Department of Corrections who is currently imprisoned at Taylorville Correctional Center.

2. Plaintiff's claim is against Wexford concerning policies for hernia repair in 2017-2018.

   The parties propose to convey these facts to the jury in the following manner: the Court will read these facts to the jury.

### V.    CONTROVERTED FACTS

1.  a) Whether Plaintiff's hernia was an objectively serious medical need prior to June 2018. (Submission by Defendant);

   b) Whether Plaintiff's hernia was an objectively serious medical need prior to September 2018.  (Submission by Plaintiff);

2. Whether, in the face of actual knowledge Plaintiff faced a substantial risk of harm from his hernia, Dr. Larson consciously provided inadequate treatment of Mr. Reed's hernia.

3. Whether Wexford had an official policy or widespread practice of refusing to authorize surgical repair of abdominal hernias unless the hernia was strangulated or incarcerated.

4. Whether Wexford policymakers were deliberately indifferent to the risk its policy or widespread practice of refusing to authorize surgical repair of abdominal hernias unless the hernia was strangulated or incarcerated would lead to constitutional violations.

5. Whether Wexford's policy or practice of refusing to authorize surgical repair of abdominal hernias unless the hernia was strangulated or incarcerated widespread caused Plaintiff to be denied or delayed necessary care for his hernia.

## VI. AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues:

1. Upon Defendant's motion for directed verdict, whether Plaintiff made a submissible case that Wexford violated Plaintiff's rights under the Eighth Amendment in 2017-2018.

## VII. WITNESSES

**NOTE: Identification of witnesses in this Final Pretrial Order does not relieve the parties of their obligation to timely file pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). The parties should simply list below the witnesses that have been disclosed pursuant to Rule 26(a)(3) whom they intend to call at trial. Every party to the action should include a list of witnesses in the form set forth below. Any witness not properly disclosed will not be allowed to testify.**

Plaintiff intends to present testimony from the following witnesses:

Plaintiff, Reco Reed;

Dr. Clay DeMattei

Defendant intends to call the following witnesses:

Dr. Glen Babich, corporate representative for Wexford.

*Both parties have objections to the scope of testimony for these witnesses.

## VIII. EXHIBITS

[Identify here the date on which each party filed its pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(3) and whether there are unresolved objections to any exhibit].

Defendant submitted their pretrial disclosures on December 19, 2022.  On January 12, 2023, Plaintiff filed their pretrial disclosures.  There are unresolved issues as to certain exhibits as discussed in the objections filed.

**NOTE:** The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

IX.   **DAMAGES**

Plaintiff seeks compensatory and punitive damages.

X.   **BIFURCATED TRIAL**

Not applicable.

XI.   **TRIAL BRIEFS**

The parties do not anticipate the need for trial briefs in this case.

XII.   **MOTIONS *IN LIMINE***

Defendant filed its Motions *in Limine* on January 3, 2023.  Plaintiff filed their Motions *in Limine* on January 9th and 10th.  Both parties have filed their responses.

XIII.   **DEPOSITION DESIGNATIONS**

N/A

XIV.   **JURY INSTRUCTIONS**

The Parties do not anticipate any issues with respect to preparation of the proposed jury instructions.

XV.   **OTHER TRIAL-RELATED MATTERS**

A.  **Trial Date**. Jury Trial will begin on February 13, 2023.

B.  **Length of Trial**. The probable length of trial is 2-3 days.

C.  **Voir Dire**. Judge Gilbert will conduct a preliminary voir dire of all prospective jurors, inquiring about the juror's employment, prior jury service, etc. Counsel then will be permitted to conduct voir dire.

D.  **Number of Jurors**. There shall be a minimum of six jurors in a civil case.

E. **Witness Exclusion**. On motion of counsel, Judge Gilbert will enter an Order excluding witnesses from the courtroom during trial. Counsel will bear primary responsibility for monitoring enforcement of the Order.

**IT IS SO ORDERED.**

**DATED: 2/2/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**APPROVED AS TO FORM AND SUBSTANCE:**

____*/s/ Tom Pliura*_____
**Attorney for Plaintiff(s)**

____*/s/ Jaclyn Kinkade*_____
**Attorney for Defendant(s)**