IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RECO REED, B18431,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-01182-JPG |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Wexford Health Sources, Inc.'s motion to stay the execution of judgment and payment of fees and costs pending the post-trial motions and appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(A). (Doc. 150).  As explained herein, the motion to stay shall be granted, temporarily, until further Order of the Court.

## Background

On April 6, 2023, a jury returned a verdict against Wexford in the amount of $250,000 in compensatory damages and $500,000 in punitive damages.  (Doc. 131).  Judgment was entered on April 10, 2023.  (Doc. 135).  Plaintiff Reco Reed filed a motion for attorney fees (Doc. 142) on April 21, 2023 and a motion for pre- and post-judgment interest (Doc. 144) on April 24, 2023.  Both motions remain pending.

## Wexford's Motion to Stay Execution of Judgment

Wexford filed the instant motion on May 8, 2023.  (Doc. 150).  On the same date, Wexford filed a combined renewed motion for judgment as a matter of law / motion for new trial or, in the alternative, a request for remittitur.  (Docs. 148, 149).  In the instant motion, Wexford asks the Court to stay execution of judgment and payment of fees and costs pending resolution of Wexford's post-trial motions and final appellate resolution *without* requiring security.  (Doc. 150).  Wexford points out

that neither Rule 62(d) nor Appellate Rule 8(a) actually requires a party to file a bond or other form of security when seeking a stay or execution of judgment pending appeal; the district court may exercise its discretion when making this decision. (Doc. 150, p. 2) (citing *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986)). And, if it is satisfied that the expenditure necessary to acquire a bond is not necessary to protect the plaintiff, the district court need not require a bond or other form of security. *Id*. (citing *Northern Indiana Public Service Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (waiving requirement of bond pending appeal where the appellant was a solvent public utility with a net worth in excess of the judgment)). Wexford asserts that its solvency and meritorious arguments in the pending post-trial motions support its request for a stay of the execution of judgment without bond or other security. (Doc. 151, pp. 2-3). But, if requested by the Court, Wexford will offer "appropriate terms" for security. (*Id*. at 3).

## Plaintiff's Response

Plaintiff opposes the motion. (Doc. 155). He argues that Wexford basically seeks a stay without "putting up funds to 'compensate[] the judgment creditor for the delay in execution and protect[] against the risk of the judgment being uncollectible after the completion of the appeal." 12 Moore's Federal Practice—Civil § 62.03[3][a] (2022). Plaintiff asks the Court to deny the instant motion without first requiring Wexford to file a bond or other form of security sufficient to satisfy the jury award, pre-judgment and post-judgment interest, and reasonable attorney fees. (Doc. 155, p. 2).

## Discussion

A stay of proceedings to enforce a judgment is governed by Federal Rule of Civil Procedure 62 and provides, in pertinent part:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

*See* FED. R. CIV. P. 62(b). A stay of execution of a money judgment is routinely granted once the Court is confident that the security given is sufficient to "compensate[] the judgment creditor for the delay in

execution and protect[] against the risk of the judgment being uncollectible after the completion of the appeal." 12 Moore's Federal Practice—Civil § 62.03[3][a] (2022).

Here, the Court finds that a bond or other form of security may be necessary to compensate the plaintiff for the delay in execution of the judgment and to protect him against the risk of the judgment being uncollectible. By the deadlines set forth in the below disposition, the parties shall file a short brief outlining the terms of a bond or other security necessary to protect the plaintiff's interests pending a decision on the post-judgment motions and any ensuing appeal.

## Disposition

Wexford's First Motion to Stay Execution of Judgment is **GRANTED**, temporarily, pending further Order of this Court. Wexford shall file a short brief outlining the appropriate terms for bond or other security on or before **August 29, 2023**. Plaintiff shall file a written response on or before **September 12, 2023**. The Court will then enter an Order setting the appropriate amount and/or terms of the bond or other security, if any, necessary to protect the plaintiff's interest during the post-judgment proceedings and appeal.

**IT IS SO ORDERED.**

**DATED**: August 16, 2023

s/ J. Phil Gilbert
J. PHIL GILBERT
United States District Judge