IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RECO REED, B18431,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-01182-JPG |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Reco Reed's motion for pre- and post-judgment interest (Doc. 144). Defendant Wexford Health Sources, Inc. (Wexford) has responded to the motion (Doc. 152), and Reed has replied (Doc. 159).

### BACKGROUND

This case stems from Reed's claims of inadequate medical care for an inguinal hernia. Reed's hernia became symptomatic during his incarceration at Centralia Correctional Center (Centralia) in March 2017, and his symptoms intensified following his transfer to Big Muddy River Correctional Center (BMRCC) in July 2017, when the hernia grew from a small lump in his lower abdomen to a massive protrusion in his scrotum.

Reed regularly complained of pain and disability associated with the hernia, but the prison's medical staff offered few treatment options. Dr. Dennis Larson, the prison physician who was employed by Wexford, told Reed that Wexford would not approve the surgery unless the hernia became strangulated. As the hernia grew over the course of a year, Reed was denied treatment for his hernia pain and disability. By the time he underwent surgery after filing suit, Reed suffered complications that necessitated castration of his right testicle.

Reed filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Larson on May 31, 2018. (Doc. 1). In the original Complaint, Reed brought Eighth Amendment deliberate indifference claims against Dr. Larson for failing to provide him with pain relief treatment for his hernia (Count 1) and against Dr. Larson for denying Reed surgery to correct his hernia (Count 2). Both claims survived review under 28 U.S.C. § 1915A. (Doc. 10).

Reed's request for court-recruited counsel was denied at screening (*see* Doc. 11). Less than two months later on August 16, 2018, however, Attorney Thomas Pliura entered an appearance on behalf of Reed on (Doc. 14). Attorney Pliura has represented Reed since 2018.

Reed filed a Second Amended Complaint to add an Eighth Amendment deliberate indifference claim against Wexford for its policy, practice, or procedure of denying hernia repair surgery requests unless the hernia was strangulated or incarcerated (Count 1) and an Eighth Amendment deliberate indifference claim against Wexford and Dr. Larson for knowingly disregarding Reed's serious medical need by failing to take proper measures to treat the hernia as it worsened (Count 2). (*See* Doc. 49). The Court allowed Reed to proceed with Count 1 against Wexford, and this claim survived summary judgment on the merits (Doc. 87). The Court allowed Count 2 to proceed against Dr. Larson, but this claim was dismissed at summary judgment on the issue of exhaustion (Doc. 64).

Count 1 against Wexford went to trial on April 4-6, 2023. The jury returned a verdict in favor of Reed on Count 1 and awarded him compensatory damages in the amount of $250,000 and punitive damages in the amount of $500,000. (Doc. 131). Judgment was entered April 10, 2023. (Doc. 135). Reed now seeks pre- and post-judgment interest.

**MOTION FOR PRE- AND POST-JUDGMENT INTEREST**

A.   <u>Prejudgment Interest</u>

On April 24, 2023, Reed filed a motion seeking prejudgment interest on the $750,000 judgment at a rate of 9% starting on the date he filed a grievance about his hernia at BMRCC on November 25, 2017 until the date the Court entered judgment on April 10, 2023. (Doc. 144). Reed calculates prejudgment interest on the $750,000 judgment to be $189,189 and requests a total judgment amount of $939,189. Wexford opposes the award of prejudgment interest.

The decision to award prejudgment interest lies within the discretion of the district court. *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018); *Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 647 (7th Cir. 2016). However, there is a presumption in favor of awarding it to victims of federal law violations in appropriate cases. *Frey*, 903 F.3d at 682 (citing *Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 745 (7th Cir. 2003)); *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)). Prejudgment interest serves the purpose of "restor[ing] a plaintiff to the position [ ]he would have been in but for the violation" of his rights under federal law. *Frey*, 903 F.3d at 682. Without prejudgment interest, compensation of the plaintiff is typically considered incomplete. *Id*. (quoting *Gorenstein*, 874 F.2d at 436). Unless there is a "sound reason not to do so," *see Matter of Milwaukee Cheese, Wisconsin, Inc.*, 112 F.3d at 849, prejudgment interest should be awarded "from the time a claim accrues until judgment is entered," *West Virginia*, 479 U.S. 305, 310 n. 2 (1987).

Sound reasons to deny prejudgment interest include a "[s]ubstantial, unexplained delay in filing suit" or "[t]he size of the jury's verdict . . . , if only the supposition that the jury has compensated plaintiff for the time value of money can explain the result." *Valencia v. City of Springfield, Ill.*, 2023 WL 8827687 (C.D. Ill. Dec. 5, 2023) (quoting *Williamson v. Handy Button*

*Machine Co.*, 817 F.2d 1290 (7th Cir. 1987)). In addition, prejudgment interest is not available for awards of compensatory damages for things that are not "readily determinable." *Hill v. City of Hammond*, 2023 U.S. Dist. LEXIS 11717, *2-3 (N.D. Ind.). Where a claim cannot be "ascertained by mere calculation or computation," then the Court may apply the common law tort rule disallowing prejudgment interest in Section 1983 cases. *See Strandell v. Jackson County, Ill.*, 634 F. Supp. 824 (S.D. Ill. 1986) (common law rule barring prejudgment interest in Section 1983 cases should be decided by trial court on case-by-case basis).

In this case, Reed was awarded $250,000 in compensatory damages for pain and suffering. This award was not based on a readily determinable item of damages. Rather, the jury awarded Reed compensation for non-economic damages. The jury was instructed to consider the "physical and mental and emotional pain and suffering that Plaintiff Reed has experienced and is reasonably certain to experience in the future." *See* Doc. 135 at 25. The jury was not given the option of awarding economic damages and did not do so. The jury awarded Reed the same amount of compensatory damages he requested for his pain and suffering. And, Reed cites no case in which a plaintiff was awarded prejudgment interest on noneconomic damages. (Doc. 144) (citing *Gorenstein*, 874 F.2d at 1297, 1299 (prejudgment interest on backpay awarded in trademark infringement case); *West Virginia v. United States*, 479 U.S. 305, 310-11 (1987) (prejudgment interest awarded on contractual debt to United States).

Moreover, Reed was awarded $500,000 in punitive damages after requesting $150,000. The jury's award exceeded Reed's own request for punitive damages by more than threefold. Section 1983 serves the dual purpose of compensating persons for injuries caused by deprivations of their federal rights and deterring state actors from violating individual federal rights. *See Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978); *Carey v. Piphus*, 435 U.S. 247, 254-57

(1978). Together, compensatory and punitive damages serve the same purpose. The Court finds that Reed's award of $250,000 in compensatory damages and $500,000 in punitive damages reasonably and effectively advances both goals. The Court will thus exercise its discretion here.

Reed's request for prejudgment interest is **DENIED**.

**B.**     **Post-Judgment Interest**

The parties agree that post-judgment interest may be allowed on any money judgment in a civil case pursuant to 28 U.S.C. § 1961(a). (Docs. 144, 152). They also agree that the methodology for calculating interest is clearly defined in § 1961.

According to Reed, the only real issue for the Court to decide is whether to base this calculation on the jury award of $750,000, alone, or the jury award and prejudgment interest, combined. The Court's decision to deny Reed's request for prejudgment interest resolves this issue. The calculation should be based on the jury award of $750,000.

Wexford asserts that the calculation of post-judgment interest depends on the outcome of Wexford's Renewed Motion for Judgment as a Matter of Law or, Alternatively, Motion for a New Trial and Motion for Remittitur. (Doc. 152, pp. 5-7). The Court's decision to deny the pending motions resolves this issue as well. The calculation will be based on the jury's award of $750,000.

Reed's request for post-judgment interest pursuant to 28 U.S.C. § 1961 is **GRANTED.**

#### DISPOSITION

Plaintiff Reco Reed's motion (Doc. 144) for prejudgment interest is **DENIED**, and his motion (Doc. 144) for post-judgment interest pursuant to 28 U.S.C. § 1961 is **GRANTED.**

**IT IS SO ORDERED.**

**DATED**: April 2, 2024              s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **United States District Judge**